McGREGOR W. SCOTT
United States Attorney
ANDRE M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

**FILED**

DEC 1 2 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED AT 725 MAIN STREET, MARTINEZ, CALIFORNIA, CONTRA COSTA COUNTY, APN: 373-192-007-4, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.,<br><br>            Defendants. | 2:19-CV-00247-JAM-DB<br><br>**NOTICE OF RELATED CASES**<br>**[E.D. LOCAL RULE 123]** |
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $6,567,897.50 SEIZED FROM CTBC BANK, ACCOUNT NUMBER 3800191916, ET AL.,<br><br>            Defendants. | 2:19-CV-00485-JAM-DB |

1

| | |
|---|---|
| 1  UNITED STATES OF AMERICA, | 2:19-CV-00636-JAM-DB |
| 2              Plaintiff, | |
| 3         v. | |
| 4  5383 STONEHURST DRIVE, MARTINEZ, CALIFORNIA, CONTRA COSTA COUNTY, | |
| 5  APN: 367-230-018-7, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS | |
| 6  THERETO, ET AL., | |
| 7              Defendants. | |
| 8 | |
| 9  UNITED STATES OF AMERICA, | 2:19-CR-182-JAM |
| 10             Plaintiff, | |
| 11        v. | |
| 12  RONALD J. ROACH, and JOSEPH W. BAYLISS, | |
| 13 | |
| 14             Defendants. | |
| 15  UNITED STATES OF AMERICA, | 2:19-CR- |
| 16             Plaintiff, | 2:19 CR 222 - MCE |
| 17        v. | |
| 18  ROBERT A. KARMANN, | |
| 19             Defendant. | |
| 20 | |

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD,

The United States of America, through its undersigned counsel, Assistant United States Attorneys ANDRE M. ESPINOSA and KEVIN C. KHASIGIAN, hereby gives notice that the above-captioned matters may be related cases within the meaning of Local Rule 123. These cases likely involve overlapping evidence and witnesses and are based in part on the same facts, though three of the

cases relate to civil forfeiture proceedings while the other is a criminal case. Reassignment to the same district judge may avoid duplication of labor by the Court.

In <u>United States v. 725 Main Street, Martinez, California, et al.</u>, Case 2:19-CV-00247-JAM-DB, the United States filed a civil forfeiture complaint against twenty-five properties in California, Texas, and Nevada that were allegedly purchased using fraud and money laundering proceeds associated with DC Solar and its related investment funds. <u>See</u> ECF No. 1 (complaint), 3 (amended complaint), in Case No. 2:19-CV-00247-JAM-DB.

In <u>United States v. Approximately $6,567,897.50 Seized From CTBC Bank, Account Number 3800191916, et al.</u>, Case No. 2:18-CV-00485-JAM-DB, the United States filed a civil forfeiture complaint against sixty bank accounts, over $1.8 million in U.S. currency, prepaid flight hours with a private jet company, and other items of personal property that are associated with, or represent, fraud and money laundering proceeds associated with DC Solar and its related investment funds. <u>See</u> ECF No. 1 (complaint), in Case No. 2:18-CV-00485-JAM-DB.

In <u>United States v. 5383 Stonehurst Drive, Martinez, California, et al.</u>, Case No. 2:19-CV-00636-JAM-DB, the United States filed a civil forfeiture complaint against fourteen properties in California and Nevada that were allegedly purchased using fraud and money laundering proceeds associated with DC Solar and its related investment funds. <u>See</u> ECF No. 1 (complaint), 5 (amended complaint), in Case No. 2:19-CV-00636-JAM-DB.

In <u>United States v. Ronald J. Roach and Joseph W. Bayliss</u>, defendants Roach and Bayliss pled guilty to conspiracy to commit the underlying wire fraud that led to the acquisition of the real estate and personal assets named as defendants in Case Nos. 2:19-CV-00247-JAM-DB, 2:18-cv-00485-JAM-DB, 2:19-cv-00636-JAM-DB. <u>See</u> ECF No. 1 (Information), 2 (plea agreement with factual basis). Defendant Roach is also charged with criminal securities violations related to that same scheme.

In <u>United States v. Robert A. Karmann</u>, filed concurrently with this notice, defendant Karmann is charged by Information with conspiring with, among others, Roach and Bayliss, to commit the underlying wire fraud that led to the acquisition of the real estate and personal assets named as defendants in Case Nos. 2:19-CV-00247-JAM-DB, 2:18-cv-00485-JAM-DB, 2:19-cv-00636-JAM-

DB. See ECF No. 1 (Information), 2 (plea agreement with factual basis). Defendant Karmann is also charged with criminal securities violations related to that same scheme.

Owing to these similarities, these cases tend to fit within the definition of related cases provided by Local Rule 123. Under that definition, actions are related when "(1) both actions involve the same parties and are based on the same or a similar claim; (2) both actions involve the same property, transaction, or event; (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges." E.D. Cal. L.R. 123(a). The Information in United States v. Ronald J. Roach and Joseph W. Bayliss charges an expansive fraud against investors that mirrors the allegations and underlying basis to forfeit the *In Rem* Defendants in each forfeiture case, Case Nos. 2:19–CV–00247-JAM-DB, 2:18-CV-00485-JAM-DB, 2:19-CV-00636-JAM-DB, and therefore the civil and criminal matters involve the same parties, transactions, and events, and common questions of law and fact. See id. Accordingly, pursuant to Local Rule 123, it is possible, if not likely, that these matters are related within the meaning of the rule.

The United States is required by rule to file this notice in each of the above-referenced actions, see EDCA L.R. 123(b), if counsel has "reason to believe that an action . . . may be related to another action," and hereby does so. It is possible that assignment of these two actions to a single Judge will effect a savings of judicial effort or other economies because of the overlapping factual questions, common legal issues, and the intersection of named and unnamed parties in both actions.

Dated: December 12, 2019

MCGREGOR W. SCOTT
United States Attorney

By:  /s/ KEVIN C. KHASIGIAN
KEVIN C. KHASIGIAN
ANDRE M. ESPINOSA
Assistant United States Attorneys

Notice of Related Cases