DEAN M. CONWAY
SARRA CHO
CHRISTOPHER NEE
Email:  conwayd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
Telephone: (202) 551-4412
Facsimile: (202) 772-9245

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT A. KARMANN,<br><br>Defendant. | 2:19-cv-02531-MCE-CKD<br><br>**NOTICE OF RELATED CASES [E.D. LOCAL RULE 123]** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 725 MAIN STREET, MARTINEZ, CALIFORNIA, CONTRA COSTA COUNTY, APN: 373-192-007-4, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.,<br><br>Defendants. | 2:19-CV-00247-JAM-DB |

1  UNITED STATES OF AMERICA,

2              Plaintiff,                    2:19-CV-00485-JAM-DB

3        v.

4  APPROXIMATELY $6,567,897.50
   SEIZED FROM CTBC BANK,
5  ACCOUNT NUMBER 3800191916, et
   al.,
6

7              Defendants.

8

9

10

11  UNITED STATES OF AMERICA,

12             Plaintiff,                    2:19-CV-00636-JAM-DB

13       v.

14  5383 STONEHURST DRIVE,
    MARTINEZ, CALIFORNIA, CONTRA
15  COSTA COUNTY, APN: 367-230-018-7,
    INCLUDING ALL APPURTENANCES
16  AND IMPROVEMENTS THERETO, et
    al.,
17
               Defendants.
18

19  UNITED STATES OF AMERICA,          2:19-CR-182-JAM

20             Plaintiff,

21       v.

22  RONALD J. ROACH, and
    JOSEPH W. BAYLISS,
23
               Defendants.
24

25

26

27

28

NOTICE OF RELATED CASES                2

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

    v.

JOSEPH BAYLISS and RONALD
ROACH

          Defendants.

2:19-CV-2140-MCE

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

ROBERT A. KARMANN,

          Defendant.

2:19-CR-222-JAM

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR
ATTORNEYS OF RECORD,

      Plaintiff Securities and Exchange Commission hereby provides notice that the
above-captioned matters may be related cases within the meaning of Local Rule 123.
The SEC is plaintiff in the civil action *Securities and Exchange Commission v.
Karmann*, Case No. 2:19-CV-02531-MCE-CKD.  This civil action for enforcement of
the federal securities laws involves the same defendant and the same events and
transactions as the criminal matter *United States v. Robert A. Karmann*, Case No.
2:19-CR-222-JAM.  The scheme that is described in the SEC's Complaint is the
subject of three civil forfeiture actions, which relate to the proceeds of the scheme,
one other criminal action and one other civil action: *United States v. 725 Main Street,
Martinez, California, et al.*, Case 2:19-CV-00247-JAM-DB; *United States v.
Approximately $6,567,897.50 Seized From CTBC Bank, Account Number 380019196,*

*et al.*, Case No. 2:19-CV-00485-JAM-DB; *United States v. 5383 Stonehurst Drive, Martinez, California, et al.*, Case No. 2:19-CV-00636-JAM-DB; *United States v. Ronald J. Roach and Joseph W. Bayliss*, Case No. 2:19-CR-182-JAM; and *Securities and Exchange Commission v. Joseph Bayliss and Ronald Roach*, Case No. 2:19-CV-2140-MCE.  Reassignment to the same district judge may avoid duplication of labor by the Court.

In *United States v. 725 Main Street, Martinez, California, et al.*, Case 2:19−CV−00247-JAM-DB, the United States filed a civil forfeiture complaint against real properties that were allegedly purchased using fraud and money laundering proceeds from the same scheme that is the subject of the SEC's case.

In *United States v. Approximately $6,567,897.50 Seized From CTBC Bank, Account Number 3800191916, et al.*, Case No. 2:19-CV-00485-JAM-DB, the United States filed a civil forfeiture complaint against bank accounts and other property that is associated with, or represents, alleged proceeds from the same scheme that is the subject of the SEC's case.

In *United States v. 5383 Stonehurst Drive, Martinez, California, et al.*, Case No. 2:19-CV-00636-JAM-DB, the United States filed a civil forfeiture complaint against real properties that were allegedly purchased using proceeds associated with the same scheme that is the subject of the SEC's case.

In *United States v. Ronald J. Roach and Joseph W. Bayliss*, Case No. 2:19-CR-182-JAM, Defendants Ronald Roach and Joseph Bayliss pled guilty to conspiracy to commit the underlying wire fraud that led to the acquisition of the real estate and personal assets named as defendants in Case Nos. 2:19−CV−00247-JAM-DB, 2:19-CV-00485-JAM-DB, and 2:19-CV-00636-JAM-DB.  Defendant Roach also pled guilty to criminal securities violations related to that same scheme.

In *Securities and Exchange Commission v. Joseph Bayliss and Ronald Roach*, Case No. 2:19-CV-2140-MCE, a civil action for enforcement of the federal securities laws was brought against the same defendants and involved the same events and

transactions as the criminal matter *United States v. Ronald J. Roach and Joseph W. Bayliss*, Case No. 2:19-CR-182-JAM. The scheme that is described in the SEC's Complaint is the subject of three civil forfeiture actions: Case Nos. 2:19-CV-00247-JAM-DB; 2:19-CV-00485-JAM-DB; and 2:19-CV-00636-JAM-DB, which relate to alleged proceeds of the scheme.

In *United States v. Robert A. Karmann*, Case No. 2:19-CR-222-JAM, Defendant Karmann was charged by information with conspiring with, among others, Defendants Roach and Bayliss, to commit the underlying wire fraud that led to the acquisition of the real estate and personal assets named as defendants in Case Nos. 2:19−CV−00247-JAM-DB, 2:19-cv-00485-JAM-DB, and 2:19-cv-00636-JAM-DB. Defendant Karmann was also charged with criminal securities violations related to that same scheme.

Owing to these similarities, these cases tend to fit within the definition of related cases provided by Local Rule 123. Under that definition, actions are related when "(1) both actions involve the same parties and are based on the same or a similar claim; (2) both actions involve the same property, transaction, or event; (3) both actions involve similar questions of fact and the same question of law and their assignment to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or (4) for any other reasons, it would entail substantial duplication of labor if the actions were heard by different Judges or Magistrate Judges." E.D. Cal. L.R. 123(a). The Information in *United States v. Robert A. Karman* charges an expansive fraud against investors substantially similar to that set forth in the Complaint in *Securities and Exchange Commission v. Karmann*, and both cases are factually related to each forfeiture case, Case Nos. 2:19−CV−00247-JAM-DB, 2:19-CV-00485-JAM-DB, 2:19-CV-00636-JAM-DB, and 2:19-CR-182-JAM and therefore the civil and criminal matters involve the same parties, transactions, and events, and common questions of law and fact. Accordingly, pursuant to Local Rule

123, it is possible, if not likely, that these matters are related within the meaning of the rule.

Assignment of these cases to the same judge may be likely to effect a savings of judicial effort and other economies by having one judge consider the substantially similar record and applicable law that will be relevant to sentencing in the criminal matter, the imposition of any remedies in this civil matter, and any other matter that may arise in these cases. Accordingly, the undersigned counsel is obligated under Local Rule 123 to file this notice in each of the above-referenced actions.

Respectfully submitted,

Dated: December 18, 2019

/s/ Dean M. Conway
Dean M. Conway
Sarra Cho
Christopher Nee
Attorneys for Plaintiff
Securities and Exchange Commission