MCGREGOR W. SCOTT
United States Attorney
ANDRE M. ESPINOSA
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:19-CV-00485-JAM-DB |
|---|---|
| Plaintiff, | |
| v. | STIPULATION AND ORDER TO ESTABLISH AND FORFEIT THE SUBSTITUTE *RES*; STIPULATION AND WITHDRAWAL OF VERIFIED CLAIMS OF THE NETJETS COMPANIES |
| APPROXIMATELY $6,567,897.50 SEIZED FROM CTBC BANK, ACCOUNT NUMBER 3800191916, ET AL., | |
| Defendants. | |

**IT IS HEREBY STIPULATED** by and between the United States of America and Claimants NetJets Sales, Inc., NetJets Aviation, Inc., and Marquis Jet Partners, Inc. (collectively, "NetJets"), and Jeff and Paulette Carpoff (the "Carpoffs"), as follows: In or about December 2018, the United States seized certain fractional aircraft interests in various airplanes owned by the Carpoffs and DC Solar, managed and held by NetJets, namely: (1) certain 15.625% undivided interest in Embraer Executive Aircraft, Inc. EMB-505 Aircraft, Serial Number 50500441, U.S. Registration Number N414QS; (2) certain 21.875% undivided interest in Textron Aviation Inc. 680A Airframe, Serial Number 680A0114, U.S. Registration Number N564QS; and (3) certain 18.750% undivided interest in Bombardier Inc. BD-100-1A10 Aircraft, Serial Number 20709, U.S. Registration Number N746QS (hereinafter referred to as "Defendant Airplane Shares").

The United States alleged, and the Carpoffs have since agreed, that the Defendant

1

Airplane Shares were connected to the DC Solar fraud described in this case and their criminal plea agreements.[1] By this Stipulation, the United States, the Carpoffs, and NetJets agree to substitute $3,900,000.00 in place of the Defendant Airplane Shares, and the Carpoffs agree to forfeit those same shares—now represented by the $3,900,000.00 to the United States by and through this Stipulation and Proposed Order.   Therefore, the parties represent:

1.   Jeffrey and Paulette Carpoff represent and warrant that they were owners of the *In Rem* Defendant Airplane Shares, either personally or through a corporation, LLC, or another entity they controlled.

2.   On or about May 9, 2019, Jeffrey and Paulette Carpoff filed claims stating an ownership interest in the Defendant Airplane Shares. Jeffrey and Paulette Carpoff have since signed stipulations that forfeit their interests in the Defendant Airplane Shares.

3.   On or about June 14, 2019, NetJets Sales, NetJets Aviation, and Marquis Jet Partners each individually filed verified claims as to the Defendant Airplane Shares as described in the verified claims of NetJets.

4.   No other party has filed a claim to the Defendant Airplane Shares.

5.   All right, title, and interest Jeffrey Carpoff and Paulette Carpoff possess, or may possess, in their personal and corporate capacities, in the Defendant Airplane Shares, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), to be disposed of according to law.

6.   The United States agrees to release all rights, title, and interest to Defendant Airplane Shares as described in the verified claims of NetJets, and above.

7.   Jeffrey and Paulette Carpoff and the United States agree to execute all documents required to effectuate legal transfer and proper registration of title to these interests, effectuating the transfer of unencumbered title to the airplanes described above.

8.   The United States further agrees to obtain all signatures required on all documents to release all rights, title, and interest to the aircraft as described above, and to the

---

[1] See Plea Agreement, United States v. Jeff Carpoff, 2:20-CR-17, ECF No. 10; Plea Agreement, United States v. Paulette Carpoff, 2:20-CR-18, ECF No. 10

Defendant Airplane Shares, and to transfer all rights, title, and interest to the Defendant Airplane Shares to NetJets, prior to entry of the Order by the Court. Unless and until, the United States has transferred all rights, title, and interest to the Defendant Airplane Shares to NetJets, NetJets shall have no obligations to make any payments to the United States or release its claims to the Defendant Airplane Shares.

9. Upon entry of the Order by the Court, NetJets agrees to pay to the United States the sum total of Three Million Nine Hundred Thousand Dollars ($3,900,000.00), which encompasses the Defendant Airplane Shares in totality.

10. The Three Million Nine Hundred Thousand Dollars ($3,900,000.00) will constitute the substitute *res* in the case, subject to the continued jurisdiction of the U.S. District Court.

11. Accordingly, upon receipt of the fully executed documents, Claimant NetJets hereby withdraws their claims filed June 15, 2019 [Dk. 12, 13 & 14] in the above-captioned case with respect to the Defendant Airplane Shares.

12. To the extent required under the Federal Rules of Civil Procedure, Rule 41(a), the United States agrees to dismiss with prejudice Claimant NetJets in the above-captioned case pursuant to the Federal Rules of Civil Procedure, Rule 41(a).

13. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the filing of the Complaint and the arrest and seizure of the *In Rem* Defendants forfeited under this stipulation. This is a full and final release applying to all unknown and unanticipated injuries and/or damages arising out of or in any way connected with the filing of the Complaint and the arrest and seizure of the *In Rem* Defendants forfeited under this stipulation, as well as those now known or disclosed. The parties to this stipulation also waive the provisions of California Civil Code § 1542, which provides:
> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

14. There was probable cause for the seizure of the Defendant Airplane Shares, and for the commencement and prosecution of this forfeiture action, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

15. Each party represents, and the parties agree, that no party substantially prevailed in this action within the meaning of 28 U.S.C. § 2465.

16. Each party represents, and the parties agree, that there was probable cause for arrest and seizure of the *In Rem* Defendants forfeited under this stipulation, and for the commencement and prosecution of this forfeiture action against those defendants, and that the Court should enter a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

17. Nothing in this Stipulation shall be construed as an admission of liability, fault, or wrongdoing by Claimant NetJets.

18. Each party shall bear his or her own costs and attorney's fees.

19. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he is signing to the terms of the Stipulation.

20. Each party warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

21. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

22. Each party represents that he or she understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

23. Notwithstanding the entry of a Final Judgment of Forfeiture herein, the parties hereby stipulate that the U.S. District Court for the Eastern District of California, Hon. John A. Mendez, District Judge, shall retain jurisdiction to enforce the terms of this compromise

4

Stipulation and Order to Establish
and Forfeit Substitute *Res*

1  settlement.

2  24. Claimant NetJets is hereby removed from the Service List for the above-
3  captioned case.

4  Date: 4/10/2020                McGREGOR W. SCOTT
                                   United States Attorney
5

6                          By:     /s/ Kevin C. Khasigian
                                   KEVIN C. KHASIGIAN
7                                  Assistant U.S. Attorney

8  Date: 4/8/2020                 NETJETS AVIATION, INC.
9

10                         By:     /s/ Brad Ferrell
                                   Executive Vice President & Corporate Secretary
11

12 Date: 4/8/2020                 NETJETS SALES, INC.

13
                           By:     /s/ Brad Ferrell
14                                 Executive Vice President & Corporate Secretary

15 Date: 4/8/2020                 MARQUIS JET PARTNERS, INC.

16
                           By:     /s/ Brad Ferrell
17                                 Executive Vice President & Corporate Secretary

18 Date: 4/8/2020                 SQUIRE PATTON BOGGS (US) LLP

19
                           By:     /s/ Gabriel Colwell
20                                 GABRIEL COLWELL
                                   Attorney for Claimants NetJets Sales, Inc.,
21                                 NetJets Aviation, Inc., and Marquis Jet Partners,
                                   Inc.
22

23 Date: 4-7-2020                 JEFF CARPOFF

24                         By:     /s/ Jeff Carpoff

25
   Date: 4-7-2020                 PAULETTE CARPOFF
26
                           By:     /s/ Paulette Carpoff
27
                                   (Signatures retained by attorney)
28

5

Stipulation and Order to Establish
and Forfeit Substitute *Res*

# **ORDER**

The Court has read and considered the Stipulation to Establish and Forfeit Substitute Res and for Withdrawal of Verified Claims ("Stipulation") by Claimants NetJets Sales, Inc., NetJets Aviation, Inc., and Marquis Jet Partners, Inc. (collectively "Claimants" or "NetJets"), and Plaintiff, United States of America, by and through their respective counsel. For the reasons stated in the Stipulation and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

1. The Stipulation is approved and the $3,900,000.00 is substituted in place of the Defendant Airplane Shares. The substitute *res* is $3,900,000.00.

2. All right, title, and interest Jeffrey Carpoff and Paulette Carpoff possess, or may possess, in their personal and corporate capacities, in the Defendant Airplane Shares, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), to be disposed of according to law.

3. The United States has obtained all signatures required on all documents to release all rights, title, and interest to the aircraft as described above, and to the Defendant Airplane Shares, and has transferred all rights, title, and interest to the Defendant Airplane Shares to NetJets.

4. Upon entry of this Order, and subject to #3 above, NetJets shall wire to the United States the sum total of Three Million Nine Hundred Thousand Dollars ($3,900,000.00), which encompasses all assets to which NetJets has pending claims, and/or that were restrained by Seizure Warrants upon probable cause provided by the United States in December 2018, including (1) certain 15.625% undivided interest in Embraer Executive Aircraft, Inc. EMB-505 Aircraft, Serial Number 50500441, U.S. Registration Number N414QS; (2) certain 21.875% undivided interest in Textron Aviation Inc. 680A Airframe, Serial Number 680A0114, U.S. Registration Number N564QS; and (3) certain 18.750% undivided interest in Bombardier Inc. BD-100-1A10 Aircraft, Serial Number 20709, U.S. Registration Number N746QS (hereinafter referred to as "Defendant Airplane Shares").

5. The Three Million Nine Hundred Thousand Dollars ($3,900,000.00) will

6

Stipulation and Order to Establish
and Forfeit Substitute *Res*

constitute the substitute res in the case, which will be forfeited to the United States based on its connection to the DC Solar fraud described in the Verified Complaint.

6. Upon transfer of title in the aircraft interests to NetJets and proper registration of the transfer, Claimant's claims filed June 14, 2019 [Dk. 12, 13 & 14] in the above-captioned case are hereby deemed WITHDRAWN.

7. Based upon the allegations set forth in the Complaint for Forfeiture In Rem filed March 18, 2019, and the Stipulation to Establish and Forfeit Substitute Res and for Withdrawal of Verified Claims filed herewith, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the Defendant Airplane Shares, and for the commencement and prosecution of this forfeiture action.

8. Claimants are hereby deemed dismissed from the above-captioned case.

Date: 4/13/2020          /s/ John A. Mendez
                         JOHN A. MENDEZ
                         United States District Court Judge